UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSES | NO: 14-284 |
| ERIK NUNEZ | SECTION: "H"(4) |

### ORDER & REASONS

Before the Court is the Government's Motion to Disqualify Counsel (Doc. 130). The Motion was DENIED on the record following hearing on September 22, 2015. These reasons follow.

### BACKGROUND

The original indictment in this matter alleged that Defendants Brandon Licciardi and Darren Sharper participated in a conspiracy to distribute various drugs with the intent to commit rape. The indictment also alleged that Mr. Licciardi intentionally obstructed the grand jury investigation into the conspiracy and that he attempted to persuade

1

witnesses not to testify before the grand jury. On May 29, 2015, Mr. Sharper pleaded guilty to all federal charges.

The government filed a subsequent superseding indictment on July 24, 2015, adding Erik Nunez as a defendant. This indictment reasserts the allegations against Mr. Licciardi and adds allegations that Mr. Nunez obstructed the grand jury investigation by destroying a cell phone containing evidence. Mr. Nunez's initial appearance was on August 3, 2015, and he was arraigned and entered a plea of not guilty on August 6, 2015. On August 12, 2015, the Court appointed Sara Johnson to serve as Mr. Nunez's Counsel.

In the Motion currently before the Court, the Government asks that Ms. Johnson be disqualified from this representation. Ms. Johnson also represents Mr. Nunez in the state court proceedings pending against him, in which he is charged with similar offenses.

## **LEGAL STANDARD**

"Disqualification cases are governed by state and national ethical standards adopted by the court."[1] District courts faced with a motion to disqualify must apply the ethical standards of the district court, the state in which the district court sits, and the national standards adopted by the Fifth Circuit.[2] The Eastern District of Louisiana has adopted the Louisiana Rules of Professional Conduct as the local ethical standards.[3]

---

[1] *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).
[2] *Id.*
[3] LR 83.2.3.

Courts should not mechanically apply the rules of disqualification.[4] Instead, "court[s] must take into account not only the various ethical precepts adopted by the profession but also the social interests at stake."[5] "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[6] The Court reviews motions to disqualify "with fairly strict scrutiny. Although any doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary."[7]

## LAW AND ANALYSIS

The Government asks the Court to disqualify Ms. Johnson based on the undisputed fact that Mr. Nunez's co-defendant, Darren Sharper, paid a portion of Ms. Johnson's fee for her representation of Mr. Nunez in state court. The Government argues that this arrangement impedes the integrity of the proceedings, as it plans to offer evidence of this arrangement as probative of the association between Mr. Nunez and Mr. Sharper. The Government cannot, however, point the Court to a specific rule of professional conduct that Ms. Johnson has violated. Though third-party payor arrangements implicate ethical issues, "[a] conflict of interest does not

---

[4] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995).
[5] *Id.*
[6] *Id.*
[7] *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, No. 09–6623, 2010 WL 2773116, at * 2 (E.D. La. July 9, 2010).

automatically arise from such arrangements."[8]  Further, to the extent that any conflict exists, it has been waived by Mr. Nunez.[9]  The Court, having taken testimony from Mr. Nunez, is satisfied that this waiver is knowing and voluntary.

The Government also argues that, because they intend to call Ms. Johnson as a witness at trial, Rule 3.7 of the ABA Model Rules of Professional Conduct should compel disqualification.  The Rule provides, in pertinent part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

This argument is not persuasive.  The Court is not convinced that Ms. Johnson will be required to testify at trial, as the fact that Mr. Sharper paid a portion of Mr. Nunez's state court legal fees is not in dispute.  Because this testimony relates to an uncontested issue, the argument that Rule 3.7 requires disqualification is moot.

---

[8] *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir. 1985).
[9] Such conflicts may be waived.  *See Holloway v. Arkansas*, 435 U.S. 475, 483 n.5 (1978).

## **CONCLUSION**

For the forgoing reasons, the Government's Motion (Doc. 130) is DENIED.

New Orleans, Louisiana this 6th day of October, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5