UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSES | NO: 14-284 |
| BRANDON LICCIARDI<br>ERIK J. NUNEZ | SECTION: "H"(4) |

### ORDER & REASONS

Before the Court are Motions to Sever filed by Defendants Brandon Licciardi (Doc. 129) and Erik Nunez (Doc. 127). While these motions were under submission, the Grand Jury returned a Third Superseding Indictment (Doc. 168). For the following reasons, the Motions are DENIED.

### BACKGROUND

On December 12, 2014, a Federal Grand Jury returned a six count Indictment charging Brandon Licciardi and Darren Sharper with numerous

1

criminal violations.[1]  Both defendants were charged with conspiracy to distribute drugs with the intent to commit a crime of violence (specifically rape)[2] and distribution of drugs to commit a crime of violence.[3]  Additionally, Mr. Licciardi was charged with two counts of witness tampering[4] and one count of providing false statements to investigators in obstruction of grand jury proceedings.[5]  Mr. Sharper pled guilty to all charges.

On July 24, 2015, the Grand Jury returned a Second Superseding Indictment[6] that reasserted all charges against Mr. Licciardi and added a new defendant, Eric Nunez.[7]  Mr. Nunez's sole charge in this indictment was destruction of a cell phone that contained evidence.[8]  Mr. Nunez entered a plea of not guilty.

These Motions to Sever followed.  The Motions were argued on September 22, 2015.  While the motions were under submission, the Grand Jury returned a Third Superseding Indictment.[9]

The Third Superseding Indictment charges both Mr. Licciardi and Mr. Nunez with conspiracy to distribute drugs with the intent to commit rape.[10]

---

[1] Doc. 1.
[2] Doc. 1, count four.
[3] Doc. 1, counts five and six.
[4] Doc. 1, counts one and two.
[5] Doc. 1, count three.
[6] Doc. 94.
[7] A First Superseding Indictment was issue on April 3, 2015.  With the exception of statutory citations, this indictment is identical to the original indictment.
[8] Doc. 94, count four.
[9] Doc. 168.
[10] Doc. 168, count four.

The counts of witness tampering and distribution of drugs against Mr. Licciardi are maintained.[11] Mr. Nunez is again charged with destruction of an evidence–containing cell phone.[12] Notably, this indictment does not charge Mr. Licciardi with making false statements to investigators.

## LAW AND ANALYSIS

Defendants advance three arguments in favor of severance. First, they argue that the Defendants are misjoined under Rule 8(b). Second, they argue that Rule 14 mandates a severance. Finally, they argue that *Bruton* issues compel a severance. The Court will address each argument in turn.

**I. Defendants are Properly Joined Under Rule 8(b)**

Rule 8(b) permits the joinder of two or more defendants in the same action if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transaction, constituting an offense or offenses."[13] Defendants' arguments under 8(b) were based on the fact that Mr. Licciardi and Mr. Nunez were not named in the same count of the Second Superseding Indictment.[14] This concern has been obviated by the Third Superseding Indictment, which charges both defendants with conspiracy to distribute various drugs with the intent to commit rape.[15] "Generally, the propriety of joinder under Rule 8 is to be judged from the allegations of the

---

[11] Doc. 168, counts one, two, five, and six.
[12] Doc. 168, count three.
[13] Fed. R. Crim. Pro. 8(b).
[14] Doc. 94.
[15] Doc. 168, count three.

indictment, which for these purposes are assumed to be true."[16] Since the indictment now alleges that Defendants participated in the same conspiracy, joinder is proper under rule 8(b).

## II. Rule 14 Does Not Mandate a Severance

Rule 14 gives the District Court discretion to grant a severance "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant or the government . . . ."[17] Defendants aver that a severance is warranted based on potential "spillover effect." Mr. Licciardi further argues that a severance is warranted based on the risk posed by mutually antagonistic defenses. The Court will address these arguments separately.

### A. Spillover Does Not Mandate a Severance

Defendants aver that a joint trial will result in "spillover effect," that is to say the volume of evidence introduced against one defendant will prejudice the jury against the other defendant. Mr. Nunez alleges that he will be prejudiced by the amount of evidence introduced against Mr. Licciardi to prove counts 1-3 and 5-7 of the Second Superseding Indictment, as this evidence would not be admissible against Mr. Nunez in his own trial. Mr. Licciardi argues that he would likewise be prejudiced by the introduction of evidence in support of Mr. Nunez's evidence-tampering charge, as this implies that he was involved in that crime.

---

[16] *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985).
[17] Fed. R. Crim. Pro. 14.

4

Defendants have not, however, pointed out a risk so significant as to warrant a severance. "It is well settled that defendants are not entitled to severance merely because they might have a better chance of acquittal in separate trials."[18] Indeed, "the mere presence of a spillover effect does not ordinarily warrant severance."[19] A joint trial in this matter would serve interests of judicial efficiency. Indeed, as indicated in the conspiracy charge of count four of the Third Superseding Indictment, Defendants are now charged with crimes arising out of an alleged overarching conspiracy to drug and rape women. Any potential prejudice can be cured by jury instructions, which a jury is presumed to follow.[20] Accordingly, the Court declines to grant a severance on this ground.

### B. Mutually Antagonistic Defenses

Mr. Licciardi also asks the Court for a severance based on potential mutually antagonistic defenses. A mutually antagonistic defense is found where defenses are "in conflict, such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other."[21] "Mutually antagonistic defenses are not prejudicial *per se*. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."[22] Severance is only warranted if "there is a serious risk that a joint trial would

---

[18] *Zafiro v. United States*, 506 U.S. 534, 540 (1993).
[19] *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993).
[20] *Id.*
[21] *United States v. Romanello*, 726 F.2d 173, 177 (5th Cir. 1984).
[22] *Zafiro,* 506 U.S. at 538-539.

compromise a specific trial right of one of the defendants, or prevent the jury from making reliable judgments about guilt or innocence."[23] "To compel severance the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive."[24]

The Court finds that Mr. Licciardi has failed to clearly define the nature of the purported antagonistic defenses. In support of his argument, Mr. Licciardi points to Mr. Nunez's assertions that Licciardi has a propensity for lying. This assertion was raised, however, in support of Mr. Nunez's *Bruton* argument (discussed *infra*) and is insufficient to demonstrate mutual antagonism. To mandate a severance, proffered defenses must be "irreconcilable and mutually exclusive." Mr. Licciardi's argument falls woefully short of establishing compromise of a specific trial right of either Defendant.

### III. *Bruton* Issues Do Not Warrant a Severance

Defendants finally argue that the *Bruton* Doctrine warrants a severance. In the seminal case of *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that "a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant."[25] The presence of a *Bruton* issue does not, however, automatically warrant a

---

[23] *Id.* at 539.
[24] *Romanello*, 726 F.2d at 177.
[25] *Richardson v. Marsh*, 481 U.S. 200, 207 (1987).

severance, as such issues can often be cured by redaction of any reference to the codefendant.[26]

In count three of the Second Superseding Indictment, Mr. Licciardi was charged with providing false information to investigators in obstruction of grand jury proceedings. Defendants argue that proof of this offense by the Government would necessarily require introduction of certain custodial statements by Mr. Licciardi. These statements contain incriminating references to Mr. Nunez, a classic *Bruton* issue. This concern appears to be obviated by the filing of the Third Superseding Indictment. The latest filing does not charge Mr. Licciardi with making false statements. Because of the current posture of this case, the Court does not recognize the presence of a *Bruton* issue. The Government is cautioned; however, that it should advise the Court prior to any use of statements of Mr. Licciardi so as to preemptively address any *Bruton* issues that may arise.

## CONCLUSION

For the forgoing reasons, Defendants' Motions to Sever (Docs. 127 and 129) are DENIED.

New Orleans, Louisiana this 28th day of October, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] *Id.* at 208.