UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                NO: 14-284

BRANDON LICCIARDI                                     SECTION: "H"(4)

ORDER AND REASONS

Before the Court are a series of motions filed by Defendants Erik Nunez and Brandon Licciardi that may be broadly characterized as discovery motions. Specifically, Mr. Licciardi filed a Motion for a Bill of Particulars (Doc. 201), a Motion for *Brady* Materials Disclosure (Doc. 197), and two Motions to Compel (Docs. 196 and 232). Mr. Nunez filed a Motion for a Bill of Particulars (Doc. 225), a Motion for *Brady* Materials Disclosure (Doc. 223), and a Motion to Compel (Doc. 224). The Government opposes these Motions (Doc. 245). The Court held oral argument on these motions on February 24, 2016. After consideration of the pleadings, the arguments of counsel, and a review of the record in the case, the Court rules as follows.

1

## LAW AND ANALYSIS

### I. Rule 16 Discovery Motions

Defendants' requests for documents and information from the Government rely on both Federal Rule of Criminal Procedure 16 and the Supreme Court's decision in *Brady v. Maryland*.

Rule 16 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> **(a)(1)(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> **(i)** the item is material to preparing the defense;
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
> **(iii)** the item was obtained from or belongs to the defendant.
>
> **(a)(2) Information Not Subject to Disclosure.** ..this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

2

The burden is on the Defendant to make a prima facie showing of "materiality" in order to obtain discovery under Rule 16.[1]  "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case."[2]  Indeed, "[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor."[3]  The Government's obligation to disclose materials extends to items that are "within the government's possession, custody, or control."[4]  Materials are clearly within the government's possession, custody or control when the prosecutor has actually reviewed them or they are within his own files.  Materials within the government's possession, custody, or control extend beyond what the prosecutor has or has seen, but not infinitely.  For purposes of rule 16, government possession custody or control extends to materials in the possession of another federal—or even state—agency when the prosecutor is engaged in a joint investigation with that other agency or when the other agency is so closely aligned with the prosecution as to be considered part of the prosecution team or has contributed significantly to the investigation or prosecution.[5]  With these standards in mind, the Court will address each Defendants' specific requests.

---

[1] *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).
[2] *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975).
[3] *Id.*
[4] Fed. R. Crim. P. 16(a)(1)(E).
[5] *United States v.. Villa,* No. 3:12cr40, 2014 WL 280400, at *3 (D.Conn. Jan. 24, 2014) (citing *United States v. Gupta,* 848 F.Supp.2d 491, 493 (S.D.N.Y. 2012); *United States*

**A. Licciardi's Motion to Compel (Doc. 196)**

1. **Sharper's telephone which is in the custody of the Los Angeles Police Department**

    The Government represents that the telephone is not in its possession, custody, or control, but has no objection to Defendant's request. This request is denied.

    Defendant is directed to file the appropriate subpoena pursuant to Rule 17(c).

2. **All prescription records for Darren Sharper**

    The Defendant has failed to establish materiality under Rule 16. This request is denied.

3. **Prescription drug records for MG, alleged victim of Count Five**

    The Defendant has established that this information is material to the preparation of his defense and the Government shall produce the records. This request is granted.

4. **All police reports from any other jurisdiction that are parties to the memorandum of understanding. Defendant**

---

*v. Finnerty,* 411 F.Supp.2d 428, 432 (S.D.N.Y. 2006)); *United States v. Libby,* 429 F.Supp.2d 1, 6 (D.D.C. 2006) (citing *United States v. Brooks,* 966 F.2d 1500, 1503 (D.C.Cir. 1992); *United States v. Fairman,* 769 F.2d 386, 391 (7th Cir.1985)); *Finnerty,* 411 F.Supp.2d at 432 (citing *United States v. Chalmers,* 410 F. Supp. 2d 278, 290 (S.D.N.Y. 2006); *United States v. Holihan,* 236 F.Supp.2d 255, 260 (W.D.N.Y. 2002); *United States v. Volpe,* 42 F.Supp.2d 204, 221 (E.D.N.Y. 1999); *United States v. Upton,* 856 F. Supp. 727, 749–50 (E.D.N.Y. 1994)); *United States v. Giffen,* 379 F. Supp. 2d 337, 342–43 (S.D.N.Y. 2004) (citing *United States v. Trevino,* 556 F.2d 1265, 1272 (5th Cir. 1977)).

**represents that he has not been provided the report from Tempe, Arizona.**

This information is not discoverable under Rule 16(a)(2). This request is denied.

5. **Text messages from the owner of Ohm**

    The Defendant has failed to establish materiality under Rule 16. This request is denied.

B. **Licciardi's Second Motion to Compel (Doc. 232)**

1. **Correspondence and messages received from witnesses that the government intends to call at trial (photos, screen shots of photos, text messages and emails received from DD, TR, EV, GD, LL, JB, MB, JW)**

    The Defendant has failed to establish materiality under Rule 16. This request is denied.

2. **Cellular telephone records (including cell location) data for Darren Sharper and Brandon Licciardi's cell phones.**

    This information was provided in Court and the request is satisfied.

3. **Darren Sharper jail calls**

    This information is not discoverable under Rule 16(a)(2). This request is denied.

4. **State of Louisiana Grand Jury testimony**

This information is not discoverable under Rule 16(a)(2). This request is denied.

5. **Information presented to the Court regarding GM**

    This request will be addressed at the status conference on March 18, 2016.

**C. Nunez's Motion to Compel Rule 16 Discovery (Doc. 224)**

1. **Expert witness notice**

    The Government acknowledges that Defendant is entitled to this information. Additionally, the Government represented that it plans to call experts in the field of forensic pharmacology and DNA analysis. Pursuant to Rule 16(a)(1)(G), the government shall make the required disclosures in writing within 10 days of the entry of this Order. This request is granted.

2. **Statements – Defendant argues that each interview where person says he does not know Eric Nunez or knows him but has no information to support the government's allegations is exculpatory and should be produced pursuant to *Brady*.**

    This information is not discoverable under Rule 16(a)(2). This request is denied.

3. **Phone records and analyses. Government refused to produce Sharper's phones, or text messages from the phones of the alleged victims**

> **Specifically:**
>
> **All text messages of JW from 9/22/2013 to present that in any way relate to or discuss Defendant, Sharper, DD, Brandon Licciardi and the incident of 9/23/2013.**
>
> **All text messages of DD from 9/22/2013 to present that in any way relate to or discuss Defendant, Sharper, DD, Brandon Licciardi and the incident of 9/23/2013.**

The Defendant has failed to establish materiality under Rule 16. The request is denied.

4. **The reports and files of the Los Angeles and Las Vegas police departments regarding the investigations of Darren Sharper**

   This information is not discoverable under Rule 16(a)(2).  This request is denied.

5. **Statements of co-defendants.  Statements of Sharper have not been produced**

   Sharper is currently not a co-defendant and as such this information is not discoverable under Rule 16(a)(2).   This request is denied. This Court specifically notes, however, that in the event Mr. Sharper should become a co-defendant, this request should be re-urged.

6. **Identity of confidential sources or cooperating witnesses.**

   Under the standards set forth in *Roviaro v. United* States, this information is privileged.[6]  The Defendant has failed make a

---

[6] 353 U.S. 53, 59 (1957).

particularized showing that this information would significantly aid in establishing his defense as required to overcome this privilege. Accordingly, this information is not discoverable under Rule 16. This request is denied.

7. **Co-conspirator statements that the Government intends to introduce pursuant to 801(d)(2)(E), as well as names of indicted or unindicted co-conspirators.**

   This information is addressed in the Court's analysis of Defendant's Motion for Bill of Particulars (Doc. 225).

8. **SANE reports for any alleged victims**

   The Government represents that it has no SANE reports in its possession. However, if the Government should receive copies of these reports relating to sexual contact with this defendant, the reports should be produced. This request is granted.

9. **Evidence of past consensual sexual behavior between him and any alleged victim**

   The Defendant has established that this information is material to the preparation of his defense. The Government has represented that statements of the alleged victims have been previously produced. To the extent that there is additional evidence it should be produced. This request is granted.

This Court specifically directs the Government that any denial of the above requests does not limit its obligations under *Brady* and its progeny. Accordingly, to the extent the Government discovers *Brady* material relevant to any request in its review of the records; it should be turned over expeditiously. The Government shall disclose responsive information pursuant to the Jencks Act and *Giglio* no later than May 6, 2016.

## II. *Brady* Motions (Docs. 197 and 223)

In contrast to the standard for obtaining discovery under Rule 16, the Government is under an affirmative duty to disclose exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963). Due process requires that the Government disclose evidence favorable to the accused that is material to guilt or punishment and that such disclosures be made timely in order for a Defendant to make effective use of the information at trial.[7] Unlike Rule 16, however, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation."[8] The Government "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."[9] *Giglio v. United States* extends the government's disclosure obligation to include evidence that would impeach a Government witness.[10] Likewise, the Jencks Act requires that the Government disclose statements or reports made by Government witnesses or prospective witnesses, but the Act requires that such disclosure be made only after the witness has testified on direct examination.[11]

Defendants' requests for documents pursuant to *Brady* are broad and far reaching. It is impossible for this Court to determine, without inspection, whether certain requests fall within *Brady's* ambit. The Government asserts that it continues to turn over *Brady* information as it discovers it. The Court

---

[7] *United States v. McKinney*, 758 F.2d 1036, 1049–50 (5th Cir. 1978).
[8] *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978).
[9] *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).
[10] 405 U.S. 150 (1972).
[11] 18 U.S.C. § 3500.

10

has no reason to assume that the prosecution is intentionally avoiding its obligations. At oral argument, the Court directed the Government to produce *Brady* material as discovered. The Government is cautioned that it should proceed with care in determining whether material is in fact *Brady*. To the extent that the Government fails to disclose or request in camera inspection of potential *Brady* material, it proceeds at its own peril. As the Government discovers *Brady* material relevant to Defendants' requests in its review of the records, it must be turned over expeditiously. The Government shall disclose responsive information pursuant to Jencks Act and *Giglio* in accordance with the Court's order of February 24, 2016. Accordingly, Defendants' motion for the production of *Brady* materials is granted. The Government shall certify to this Court no later than May 6, 2016 that all *Brady*, Jencks, and *Giglio* material has been disclosed.

### III. Motions for Bill of Particulars (Doc. 201 and 225)

Defendant Erik Nunez has moved for a Bill of Particulars regarding Counts Three and Four of the indictment.[12] Additionally, Mr. Licciardi seeks a bill of particulars as to Count Four of the indictment.[13] "The purpose of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense."[14] "A defendant should not use the Bill of Particulars to obtain a detailed disclosure of the government's evidence prior to trial."[15] Criminal defendants "are not entitled to discover all the overt acts that might be proved at trial" through a bill of particulars.[16] "A defendant possesses no right to a bill of particulars . . . ."[17] The Court must decide whether to grant or deny a motion for a bill of particulars with reference to the specific circumstances of this case.[18] A court abuses its discretion in denying a motion for a bill of

---

[12] Doc. 225.

[13] Doc. 201

[14] *United States v. Kirkham,* 129 F. App'x 61, 72 (5th Cir. 2005) (citing *Montemayor,* 703 F.2d at 117); *see also, e.g., Mackey,* 551 F.2d at 970 ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution.").

[15] *United States v. Kilrain,* 566 F.2d 979, 985 (5th Cir. 1978) (internal quotation marks and citation omitted).

[16] *Kilrain,* 566 F.2d at 985.

[17] *United States v. Burgin,* 621 F.3d 1352, 1358 (5th Cir. 1980).

[18] *See, e.g., United States v. Davis,* 582 F.2d 947, 951 (5th Cir. 1978) ("More often [deciding a motion for a bill of particulars] is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge.").

particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights.[19]

**A. Nunez's Motion for a Bill of Particulars (Doc. 225)**

As to Count Three, Mr. Nunez's requests for a bill of particulars are resolved as follows:

1. **Please indicate whether Erik Nunez: 1) aided and abetted the alleged obstruction, 2) attempted to aid and abet the alleged obstruction, or 3) aided and abetted an alleged attempt to obstruct.**

   The request is granted. This Court finds that the indictment fails to clearly allege whether Mr. Nunez is charged with attempted obstruction or a substantive act of obstruction.

2. **Please state the names of the "others," besides Darren Sharper, that Erik Nunez allegedly aided and abetted.**

   The request is granted. Defendant requires this information to allow him to adequately prepare his defense.

3. **Please state whether the alleged obstruction was by altering the cell phone, destroying the cell phone, mutilating the cell phone, or concealing the cell phone**

   The request is denied.

4. **Please state whether the alleged obstruction was by altering the information on the cell phone, destroying the information**

---

[19] *See United States v. Hughes,* 817 F.2d 268, 272 (5th Cir. 1987).

13

**on the cell phone, mutilating the information on the cell phone, or concealing the information on the cell phone.**

The request is denied.

5. **Please describe the nature of the "information contained thereon" that was allegedly altered, destroyed, mutilated, or concealed.**

The request is granted. Defendant requires this information to allow him to adequately prepare his defense.

6. **Please state specifically which federal grand jury the count refers to; the date that grand jury was empaneled; and the date on which it first began investigating any of the defendants in this case.**

The request is denied.

7. **Please state the date on which the federal grand jury first began its investigation of Erik Nunez's alleged criminal conduct.**

The request is denied.

8. **Please state the make, model, and serial number of the cell phone that is referenced in this count, including the phone's Wi-Fi address; IMEI; ICCID; and MEID.**

The request is denied.

As to Count Four, Mr. Nunez's request for a bill of particulars is resolved as follows:

14

1. **Please state the names of the unindicted coconspirators.**

   The request is granted. Defendant requires this information to allow him to adequately prepare his defense.

2. **Please state the names of the persons who were the victims of the alleged rape.**

   The request is denied as moot. Defendant in Doc. 224-1 represents that this information has previously been provided.

3. **Please state the dates and locations of the alleged distributions.**

   The request is denied.

4. **Please provide the SANE report of any alleged victim.**

   The request is denied.

**B. Licciardi's Second Motion for a Bill of Particulars (Doc. 201)**

Mr. Licciardi's Second Motion for a Bill of Particulars seeks disclosure of the name of any unindicted co-conspirator. The Court finds that this information is necessary for the preparation of his defense. This request is granted.

Accordingly, the Government shall file, under seal, a bill of particulars in compliance with this Order no later than March 15, 2016.

## CONCLUSION

For the foregoing reasons, Mr. Licciardi's Motion for a Bill of Particulars (Doc. 201), Motion for Brady Materials Disclosure (Doc. 197), and two Motions to Compel (Doc. 196 and 232) and Mr. Nunez's Motion for a Bill of Particulars (Doc. 225), Motion for Brady Materials Disclosure (Doc. 223), and Motion to Compel (Doc. 224) are **GRANTED IN PART** and **DENIED IN PART** as outlined above.

New Orleans, Louisiana this 2nd day of March, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**