UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-284 |
| BRANDON LICCIARDI<br>ERIK NUNEZ | SECTION: "H"(4) |

### ORDER AND REASONS

Before the Court are Defendant Brandon Licciardi's Motion to Dismiss Counts One and Two of the Third Superseding Indictment (Doc. 200) and Motion to Dismiss Counts One and Two of the Indictment on the Grounds that 18 U.S.C. § 1521(f)(1) Violates the Ex Post Facto Clause (Doc. 205).  Defendant Erik Nunez joins in the arguments asserted in these Motions with respect to Count Three of the Indictment.[1]  The Court denied these motions at the March 18, 2016 status conference.  These reasons follow.

---

[1] See Doc. 231, wherein the Court granted Mr. Nunez's request to adopt the foregoing Motions with regard to the indictment's allegations against him.

1

## BACKGROUND

On October 22, 2015 the Grand Jury returned a six-count Third Superseding Indictment charging Defendants Brandon Licciardi and Erik Nunez with various criminal violations.[2] Counts One and Two of this indictment charge Mr. Licciardi with witness tampering in violation of 18 U.S.C. § 1512(b)(2)(A).[3] Count Three charges Mr. Nunez with witness tampering in violation of 18 U.S.C. § 1512(c)(1).[4] Count Four charges both Mr. Licciardi and Mr. Nunez with conspiracy to distribute Schedule I and Schedule IV drug controlled substances with the intent to commit rape.[5] Counts Five and Six charge Mr. Licciardi with distribution of Schedule I and Schedule IV drug controlled substances with the intent to commit rape.[6]

Defendants filed multiple pre-trial motions in this matter. At this time the Court will address two of the Motions seeking dismissal of specific Counts of the Indictment.

## LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."[7] In this circuit, "[t]he propriety of granting a motion to dismiss an indictment . . . is by-and-large contingent upon whether the infirmity in the prosecution is essentially

---

[2] Doc. 168.
[3] Doc. 168.
[4] Doc. 168.
[5] Doc. 168.
[6] Doc. 168.
[7] Fed. R. Crim. Pro. 12.

one of law or involves determinations of fact . . . . If a question of law is involved, then consideration of the motion is generally proper."[8] A court must take the allegations of the indictment as true and determine whether an offense has been stated.[9] A defendant may not challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.[10] A court may, however, apply undisputed facts to resolve a question of law with a trial of the general issue.[11]

## LAW AND ANALYSIS

First, Defendants seek dismissal of Counts One, Two, and Three of the indictment on the grounds that this prosecution violates the ex post facto clause of the Constitution.[12] Second, they seek dismissal of the same counts, arguing that the charges are deficient as a matter of law because there was no federal grand jury proceeding underway at the time the incidents charged therein occurred.[13] The Court will address each of these arguments in turn.

**I. Motion to Dismiss of Counts One, Two, and Three based on the Ex Post Facto Clause and Violation of Procedural Due Process (Doc. 205)**

Defendants Licciardi and Nunez aver that Counts One, Two, and Three of the indictment should be dismissed based on the ex post facto clause of the

---

[8] *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005).
[9] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011).
[10] *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)
[11] *United States v. Flores*, 404 F.3d 320 (5th Cir. 2005).
[12] Doc. 205.
[13] Doc. 200.

3

United States Constitution.[14]   These counts charge Defendants with obstruction of justice in violation of 18 U.S.C. § 1512.

The Constitution provides that "No . . . ex post facto Law shall be passed."[15]  There are four broad categories of ex post facto laws prohibited by this constitutional provision:

> 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.[16]

Defendants aver that the charges in Counts One, Two, and Three fall into the first category of prohibited ex post facto laws.  Defendants argue that because there was no federal grand jury in progress at the time of the conduct alleged in the challenged Counts, the prosecutors "after the fact" made this conduct a federal offense by convening a federal grand jury.  This argument fails.  As a threshold matter, the ex post facto clause applies only to legislation.[17]  Defendants do not point the Court to a component of 18 U.S.C. §

---

[14] Doc. 205.
[15] U.S. Const. art. I, § 9, cl. 3.
[16] *Calder v. Bull*, 3 U.S. 386, 390 (1798); *See also Carmell v. Texas*, 529 U.S. 513, 525 (2000).
[17] *Carmell,* 529 U.S. at 531 (noting that the ex post facto clause is designed to ensure that legislative enactments give fair warning of their effect).

1512 enacted after the alleged culpable conduct. Indeed, the defendants are being prosecuted under 18 U.S.C. § 1512 as it existed at the time of the actions alleged in the indictment. Moreover, this argument fails to recognize that the underlying conduct that forms the basis of the eventual federal investigation (conspiracy to distribute drugs for the purpose of rape, and actual distribution) are in fact federal offenses. This Court has not found, nor have Defendants pointed to, any authority that brings such a challenge within the parameters of the ex post clause's prohibitions. Accordingly, the Defendants' Motion to Dismiss Counts One, Two, and Three of the Third Superseding Indictment on Ex Post Facto Grounds (Doc. 205) is denied.

Defendants also make a passing reference to a due process argument; however, the argument is not fully developed. This Court can discern no reasonable basis upon which to dismiss these counts on procedural due process grounds. Accordingly this Motion is likewise denied with respect to Defendant's procedural due process arguments.

**II. Deficiency of the Charges (Doc. 200)**

Defendants next seek dismissal of these same counts alleging that the charges are insufficient as a matter of law. In Counts One and Two Defendant Brandon Licciardi is charged with persuading a witness to withhold testimony in violation of 18 U.S.C. § 1512(b)(2)(A). In Count Three Defendant Erik Nunez is charged with destruction of an evidence-containing cellphone in violation of

18 U.S.C. § 1512(c)(1).  These violations require intent to impede an official proceeding.[18]

Defendants seem to argue that the charges are deficient because an investigation was not formally underway at the time the charged conduct took place.  This argument is in conflict with the clear statutory language, which provides that "an official proceeding need not be pending or about to be instituted at the time of the offense."[19]  The Supreme Court's decision in *Arthur Andersen LLP v. United States* provides further guidance as to the meaning of § 1512.[20]  There, the Court held that there must be some nexus between the obstructive act and an official proceeding.[21]  In that case, the defendant was convicted pursuant to § 1512 (b)(2) on an obstruction count where he instructed individuals to destroy documents relevant to an SEC investigation pursuant to a document retention policy.  The Court held that the jury instructions were infirm because they led the jury to believe that it need not find any nexus between obstructive act and any particular proceeding:

> It is . . . one thing to say that a proceeding "need not be pending or about to be instituted at the time of the offense," and quite another to say a proceeding need not even be foreseen. A "knowingly . . . corrup[t] persaude[r]" cannot be someone who persuades others to shred documents under a document retention

---

[18] Doc. 168.
[19] 18 U.S.C. § 1512(f).
[20] *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005).
[21] *Id.* at 707-08.

policy when he does not have in contemplation any particular official proceeding in which those documents might be material.[22]

Accordingly, a conviction on § 1512(b)(2) requires proof of a nexus between the obstructive act and some official proceeding. "A proceeding must at least be 'foreseen,' such that the defendant has in contemplation some particular official proceeding in which the destroyed evidence might be material."[23] This rule applies equally to § 1512(c)(1), which requires destruction of physical evidence with "intent to impair the object's integrity or availability for use in an official proceeding."[24] Contrary to Defendants' assertions, however, the Government need not prove that the defendant was aware of the federal nature of the official proceeding.[25] Subsequent courts have also noted that the Government need not prove that a defendant knew with certainty that his conduct would affect an official proceeding.[26] Rather, it is sufficient to show that a defendant's conduct has "the natural and probable effect of interfering with an official proceeding."[27]

---

[22] *Id. at* at 707–08. *See also U.S. v. Causey*, 185 F.3d 407 (5th Cir. 1999).
[23] *United States v. Simpson*, 741 F.3d 539, 552 (5th Cir. 2014); *cert. denied*, 134 S. Ct. 2318 (2014).
[24] *See id.* (applying the *Arthur Andersen* nexus requirement to a conviction under § 1512(c)(1)).
[25] 18 U.S.C. § 1512(g).
[26] *See United States v. Aguilar*, 515 U.S. 593, 599 (1995); *Untied States v. Ahrensfield*, 698 F.3d 1310, 1324 (10th Cir. 2012); *United States. v. Binday*, 993 F. Supp. 2d 365, 368 (S.D.N.Y. 2014).
[27] *Binday*, 993 F. Supp. 2d at 368 (citing *United States v. Quattrone*, 441 F.3d 153, 171 (2d Cir. 2006).).

In this motion, Defendants invite the Court to engage in what can only be characterized as the criminal equivalent of the civil motion for summary judgment. Defendants argue that Counts One, Two, and Three are deficient because no federal grand jury was empaneled or foreseeable at the time the alleged criminal conduct occurred. In support of this argument they attach the detention hearing testimony of FBI Agent Blythe[28] and an affidavit of Patrick Fanning.[29] Agent Blythe testified that the federal investigation did not begin until March of 2014.[30] In Mr. Fanning's affidavit he stated that he has never in his years of practice seen a federal grand jury empaneled in similar circumstances. Defendants argue that these statements create "uncontested facts" upon which this Court can rely to determine whether the Government has sufficiently alleged a nexus between the obstructive act and some official proceeding. This argument fails, as the Court may only look beyond the face of the indictment to determine the sufficiency of the charges where the facts are undisputed.[31] There is a distinct difference between passively failing to contest a fact and actively agreeing to a fact as undisputed. The Government's failure to produce controverting evidence does not render Defendant's version of the facts stipulated. The plain language of § 1512 states that the grand jury

---

[28] Agent Blythe is chief investigator in this case.

[29] Mr. Fanning formerly represented Brandon Licciardi.

[30] Counts One and Two allege, respectively, that Mr. Licciardi attempted to corruptly persuade witnesses in December 2014 and on March 4, 2014. Count Three alleges the Mr. Nunez destroyed evidence between September 23, 2013 and December 1, 2013.

[31] *Flores*, 404 F.3d at 325.

need not actually be empaneled at the time of the obstructive act.[32] The Court could not grant this Rule 12 Motion unless the Government were to stipulate that an official proceeding was unforeseeable. It is plain that the Government has no intention of conceding this point. Accordingly, it is inappropriate for the Court to consider the merits of this Rule 12 Motion, as the facts remain contested.

The Court finds that the Indictment sufficiently states an offense, as it clearly alleges that the Defendants acted with the intent to obstruct an official proceeding—a federal grand jury. While the evidence submitted by the Defendants may or may not be helpful to the jury at trial, the Court may not consider it in ruling on a Rule 12 motion. Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts One, Two, and Three of the Third Superseding Indictment (Doc. 200), and Motion to Dismiss Counts One, Two, and Three of the Indictment on the Grounds that 18 U.S.C. § 1521(f)(1) Violates the Ex Post Facto Clause (Doc. 205) are **DENIED**.

New Orleans, Louisiana this 24th day of March, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[32] 18 U.S.C. § 1512.