FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2016 MAY 19 A 11: 08

WILLIAM W. BLEVINS
CLERK

**FELONY**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

### FIFTH SUPERSEDING INDICTMENT FOR CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE, DISTRIBUTION OF A CONTROLLED SUBSTANCE, TAMPERING WITH A WITNESS AND OBSTRUCTION OF AN OFFICIAL PROCEEDING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO: 14-284 |
| v. | * | SECTION: "H" |
| BRANDON LICCIARDI<br>ERIK J. NUNEZ | * | VIOLATIONS: 18 U.S.C. § 1512(b)(2)(A)<br>18 U.S.C. § 1512(c)(1)<br>18 U.S.C. § 2<br>21 U.S.C. § 846<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(7)(A) |

\* \* \*

The Grand Jury Charges That:

## COUNT ONE

### The Conspiracy

1. From a time unknown to the Grand Jury but no later than February 2012, up to and including May 1, 2014, said dates being approximate, in the Eastern District of Louisiana and elsewhere, the defendants, **BRANDON LICCIARDI** and **ERIK J. NUNEZ**, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with Darren Sharper, and others unknown to the Grand Jury, to distribute methylone and methylenedioxymethamphetamine, Schedule I drug controlled substances; and Alprazolam,

___ Fee _____
___ Process _____
_x_ Dktd _____
___ CtRmDep ____
___ Doc. No. ____

Diazepam, and Zolpidem, Schedule IV drug controlled substances, to individuals without the individuals' knowledge, with the intent to commit a crime of violence, including rape, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(7)(A).

**General Terms And Definitions**

2. Methylone, known as "molly," is a Schedule I drug controlled substance.

3. Methylenedioxymethamphetamine, known as "molly," MDMA," and "ecstasy," is a Schedule I drug controlled substance.

4. Alprazolam, also known as Xanax, is a Schedule IV drug controlled substance marketed under the brand name Xanax, or a generic equivalent. Alprazolam is a sedative used in the management of anxiety and panic attacks, and has been used in drug-facilitated sexual assaults.

5. Diazepam, also known as Valium, is a Schedule IV drug controlled substance marketed under the brand name Valium, or a generic equivalent. Diazepam is a sedative used in the management of anxiety, muscle spasms, and seizures, and has been used in drug-facilitated sexual assaults.

6. Zolpidem, also known as Ambien, is a Schedule IV drug controlled substance marketed under the brand name Ambien, or a generic equivalent. Zolpidem is a sedative used in the treatment of insomnia and to induce sleep, and has been used in drug-facilitated sexual assaults.

7. The terms "molly" and "molly-whop," as used by the defendants, refer to surreptitiously giving "molly" to an unsuspecting individual. Those terms were also used by these defendants to refer to the act of surreptitiously giving any drug controlled substance to an unsuspecting individual.

## Overt Acts

In furtherance of the conspiracy, wherein unsuspecting women were "molly-whopped" for the purpose of having sex, the defendants committed the following overt acts, among others:

8. On or about February 21, 2012, **BRANDON LICCIARDI** surreptitiously administered to a person known to the Grand Jury as Victim A a drug controlled substance and a controlled substance analogue that caused her to become incapacitated and unable to fully recall events from the prior evening.

9. On or about May 16, 2012, **BRANDON LICCIARDI** surreptitiously administered to a person known to the Grand Jury as Victim B a drug controlled substance and a controlled substance analogue that caused her to become incapacitated and unable to fully recall events from the prior evening.

10. On or about August 11, 2012, **BRANDON LICCIARDI** surreptitiously administered to a person known to the Grand Jury as Victim C a drug controlled substance and a controlled substance analogue that caused her to become incapacitated and unable to fully recall events from the prior evening.

11. On or about February 2, 2013, **BRANDON LICCIARDI** and Darren Sharper, aiding and abetting each other, surreptitiously administered to a person known to the Grand Jury as Victim D a drug controlled substance and a controlled substance analogue that caused her to become incapacitated and unable to fully recall events from the prior evening.

12. On or about August 31, 2013, **BRANDON LICCIARDI** surreptitiously administered to a person known to the Grand Jury as Victim E a drug controlled substance and a

controlled substance analogue that caused her to become incapacitated and unable to fully recall events from the prior evening.

13. On or about September 23, 2013, **BRANDON LICCIARDI, ERIK NUNEZ,** and Darren Sharper aiding and abetting each other, surreptitiously administered to persons known to the Grand Jury as Victims F and G a drug controlled substance and a controlled substance analogue that caused them to become incapacitated and unable to fully recall events from the prior evening.

14. Between on or about September 23, 2013, and December 1, 2013, said dates being approximate, **ERIK NUNEZ** destroyed a cellular telephone, and the information contained thereon, at Darren Sharper's request.

15. On or about November 18, 2013, **BRANDON LICCIARDI** surreptitiously administered to a person known to the Grand Jury as Victim H a drug controlled substance and a controlled substance analogue that caused her to become incapacitated and unable to fully recall events from the prior evening.

16. During or about November 2013, **BRANDON LICCIARDI** attempted to corruptly persuade Victim E not to provide law enforcement officials with certain information concerning his involvement in this investigation.

17. On or about March 4, 2014, **BRANDON LICCIARDI** attempted to corruptly persuade Victim E not to provide law enforcement officials with certain information concerning his involvement in this investigation.

All in violation of Title 21, United States Code, Section 846.

4

## COUNT TWO

On or about February 2, 2013, in the Eastern District of Louisiana, the defendant, **BRANDON LICCIARDI,** aided and abetted by others, including Darren Sharper, did knowingly and intentionally distribute Alprazolam and Diazepam, Schedule IV drug controlled substances, to a person known to the Grand Jury as Victim D, without Victim D's knowledge, with the intent to commit a crime of violence, including rape; all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(7)(A), and Title 18, United States Code, Section 2.

## COUNT THREE

On or about September 23, 2013, in the Eastern District of Louisiana, the defendants, **BRANDON LICCIARDI** and **ERIK NUNEZ**, aiding and abetting each other and Darren Sharper, did knowingly and intentionally distribute methylone and methylenedioxymethamphetamine, Schedule I drug controlled substances; and Zolpidem, a Schedule IV drug controlled substance, to persons known to the Grand Jury as Victim F and Victim G, without the knowledge of Victim F and Victim G, with the intent to commit a crime of violence, including rape; all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(7)(A), and Title 18, United States Code, Section 2.

## COUNT FOUR

During or about November 2013, in the Eastern District of Louisiana, the defendant, **BRANDON LICCIARDI**, did knowingly attempt to corruptly persuade Victim E by requesting her to not provide law enforcement officials with certain information concerning his involvement with the target of an investigation with the intent to cause and induce Victim E to withhold

5

testimony from an official proceeding, that is a federal grand jury; all in violation of Title 18, United States Code, Section 1512(b)(2)(A).

## COUNT FIVE

On or about March 4, 2014, in the Eastern District of Louisiana, the defendant, **BRANDON LICCIARDI**, did knowingly attempt to corruptly persuade Victim E by requesting her to not provide law enforcement officials with certain information concerning his involvement with the target of an investigation with the intent to cause and induce Victim E to withhold testimony from an official proceeding, that is, a federal grand jury; all in violation of Title 18, United States Code, Section 1512(b)(2)(A).

## COUNT SIX

Between on or about September 23, 2013, and December 1, 2013, said dates being approximate, in the Eastern District of Louisiana, the defendant, **ERIK J. NUNEZ**, aiding and abetting others, including Darren Sharper, did attempt to and corruptly alter, destroy, mutilate, and conceal an object, that is, a cellular telephone, and the information contained thereon, with the intent to impair the object's integrity or availability for use in an official proceeding, that is, a federal grand jury; all in violation of Title 18, United States Code, Section 1512(c)(1) and Title 18, United States Code, Section 2.

## NOTICE OF WITNESS TAMPERING FORFEITURE

1.  The allegations of Counts Four and Five of this Fifth Superseding Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States

Code, Sections 1512 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Counts Four and Five of this Fifth Superseding Indictment, the defendant, **BRANDON LICCIARDI,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1512.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1512 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

## NOTICE OF EVIDENCE TAMPERING FORFEITURE

1. The allegations of Count Six of this Fifth Superseding Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1512 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offense alleged in Count Six of this Fifth Superseding Indictment, the defendant, **ERIK J. NUNEZ**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1512.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1512 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

## NOTICE OF DRUG FORFEITURE

1. The allegations of Counts One through Three of this Fifth Superseding Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of the offenses alleged in Counts One through Three of this Fifth Superseding Indictment, the defendant, **BRANDON LICCIARDI,** shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One through Three of this Fifth Superseding Indictment.

3. As a result of the offenses alleged in Counts One and Three of this Fifth Superseding Indictment, the defendant, **ERIK J. NUNEZ,** shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One and Three of this Fifth Superseding Indictment.

4. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice

of Forfeiture, as a result of any acts or omissions of the defendants, **BRANDON LICCIARDI** and **ERIK J. NUNEZ**:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.



KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
MICHAEL E. McMAHON
(LA Bar Roll No. 10095)
Assistant United States Attorney

_____
THEODORE R. CARTER, III
(IL Bar Roll No. 6188964)
Assistant United States Attorney

_____
BRANDON LONG
(DC Bar Roll No. 500721)
Assistant United States Attorney


New Orleans, Louisiana
May 19, 2016

FORM OBD-34

No. 14-284 "H"

# UNITED STATES DISTRICT COURT

Eastern  District of  Louisiana

_____  Criminal  _____ Division

## THE UNITED STATES OF AMERICA

vs.

**BRANDON LICCIARDI**
**ERIK J. NUNEZ**

## FIFTH SUPERSEDING INDICTMENT

FOR

CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE, DISTRIBUTION OF A CONTROLLED SUBSTANCE, TAMPERING WITH A WITNESS AND OBSTRUCTION OF AN OFFICIAL PROCEEDING

VIOLATIONS: 18 U.S.C. § 1512(b)(2)(A);
18 U.S.C. § 1512(c)(1); 18 U.S.C. § 2; 21 U.S.C § 846;
21 U.S.C. § 841(a)(1); and 21 U.S.C. § 841(b)(7)(A)

_____
_____

Filed in open court this _____ day of
_____, A.D. 2016.

_____
Clerk

Bail, $ _____

_____
Assistant United States Attorney Michael E. McMahon