## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**


**VERSUS**                                      **NO: 14-284**


**BRANDON LICCIARDI**                           **SECTION: "H" (4)**
**ERIK NUNEZ**

## ORDER AND REASONS

Before the Court is Defendant Brandon Licciardi's Opposition to the Government's Notice of Intent to Use Evidence (Doc. 409) and Defendant Erik Nunez's Motion to Strike Notice of Intent, or in the alternative, Memorandum in Opposition (Doc. 440). The Court will treat these filings as motions in limine to preclude the admission of the challenged evidence. For the following reasons, these motions are **GRANTED IN PART, DEFERRED IN PART,** and **DENIED IN PART**.


## BACKGROUND

The background facts of this criminal action have been detailed at length in the Court's previous orders. Familiarity with these orders is assumed.

On June 3, 2016, the Government filed a Notice of Intent to Use Evidence. The Notice included anticipated expert witness testimony, testimony from informants and co-conspirator Darren Sharper, acts of Nunez

after his arrest in this matter, and evidence of other criminal activity of Darren Sharper in Los Angeles and other locations.  These objections followed.

## LAW AND ANALYSIS

At the outset, the Court notes that no objection was filed as to the proposed expert testimony.  Both Nunez and Licciardi argue that the notice of informant and co-conspirator testimony is impermissibly vague, and both oppose the introduction of evidence concerning Nunez's other relevant acts. Nunez also opposes the admission of evidence of Darren Sharper's criminal activity outside of the Eastern District of Louisiana.

### I. Informant and Co-Conspirator Testimony

The Government has indicated that it intends to offer testimony in its case in chief from informants and coconspirator Darren Sharper.  The Government contends that this evidence is intrinsic to the conspiracy because it outlines background facts of the conspiracy.  The Government also intends to use these witnesses to admit certain statements against penal interest made by the Defendants.  The Defendants challenge this notice as vague.  They contend that it fails to adequately allow them to challenge the proffered evidence's admissibility.  This Court agrees.  Based on the notice provided, this Court cannot determine if the evidence is indeed intrinsic or extrinsic.  Other act evidence is intrinsic "when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' . . . ."[1]  Intrinsic evidence is admissible to "complete the story of the crime by proving the immediate context of events in time and place."[2]  Intrinsic evidence is also admissible to permit the jury to "evaluate all

---

[1] *United States v. Stephens*, 571 F.3d 401, 410 (5th Cir 2009).

[2] *United States v. Rice* 607 F.3d 133, 141 (5th Cir. 2010), cert. denied 131 S.Ct 356 (2010).

of the circumstances under which the defendant acted."[3]  On the other hand, extrinsic evidence may only be admissible under Rule 404(b) of the Federal Rules of Evidence if "(1) it is relevant under Rule 401 to an issue other than the defendant's character; and (2) its probative value outweighs its prejudicial effect under Rule 403."[4]  The information currently before the Court does not allow it to make a ruling as to whether the informant and coconspirator testimony referenced by the Government in its notice is intrinsic or extrinsic. Accordingly, prior to attempting to elicit testimony from any informant or coconspirator consistent with this notice, the Government shall present the same to the Court for a determination of admissibility.  The Court will defer ruling until that time.

## II. Evidence of Nunez's Other Relevant Acts

The Government intends to offer evidence that Nunez surreptitiously drugged other women while he was out on bond in the state proceeding.  Nunez avers that the provided notice is insufficient because it does not sufficiently identify the specifics of the alleged other relevant act.  The Court disagrees. Fed. R. Evid. 404(b) requires that the government's pretrial notice of intent be "reasonable." "The notice 'need not provide precise details regarding the date, time, and place of the prior acts,' but it must characterize the conduct to a sufficient degree to fairly apprise the defendant of its general nature."[5] Furthermore, "[t]he 404(b) notice requirement does not dictate that the government produce documents or specific evidence which it intends to introduce at trial."[6] Indeed, the advisory note to Rule 404 indicates that "the Committee considered and rejected a requirement that the notice satisfy the

---

[3] *Id.*

[4] *United v. Adair*, 436 F.3d 520, 526 (5th Cir. 2006), cert. denied 547 U.S. 1155 (2006).

[5] *United States v. Ferrouillet*, 96-198, 1996 WL 665767, at *1 (E.D. La. Nov. 15, 1996) (citations omitted).

[6] *Id.*

particularity requirements normally required of language used in a charging instrument . . . . Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts."[7]   When viewed in light of this standard, the Government's notice is sufficient to comply with Rule 404(b)'s requirements.   Accordingly, the Court will not exclude the evidence on this ground.

Even assuming the notice is sufficient, Nunez additionally argues that the evidence is not admissible pursuant to Rule 404(b).  Rule 404(b) provides that extrinsic "evidence of a crime, wrong, or other act," though not admissible to prove character, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[8]  "It is unnecessary that the extrinsic evidence fit neatly under one of the exceptions listed in Rule 404(b), as this list is not exhaustive."[9]  The following test, as articulated in *United States v. Beechum*, must be satisfied for evidence to be admissible under rule 404(b):

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice[.][10]

Nunez argues that this evidence can only be offered to show Nunez's bad character and that he acted in conformity therewith, in violation of Fed. R. Evid. 404(b).  Specifically, Nunez contends that this evidence occurred months after the termination of the conspiracy charged in the indictment and cannot be probative of his intent at the times charged in the indictment.  This Court

---

[7] Fed. R. Evid. 404, advisory note to the 1991 amendment.
[8] Fed. R. Evid. 404(b).
[9] *United States v. Ebron*, 683 F.3d 105, 131 (5th Cir. 2012).
[10] *Id.* at 132 (quoting *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978)).

disagrees.  Eric Nunez has pleaded not guilty to the crimes charged, placing his intent at issue.  Evidence of subsequent bad acts is admissible as probative of intent, as it may allow the jury to draw reasonable inferences concerning a defendant's intent on a prior occasion.[11]   The evidence offered by the Government concerning Nunez's prior bad acts is relevant to issues other than character, as it is probative of his intent on other occasions.  Accordingly, the first prong of the *Beechum* test is satisfied.  To determine whether the evidence satisfies the second prong, a court must consider the extent to which the defendant's unlawful intent is established by the other evidence, the overall similarity of the extrinsic and charged evidence, and how much time separates the extrinsic and charged offenses.[12]  Here, the activity that the Government intends to introduce (surreptitiously drugging unsuspecting women) mirrors the activity for which the defendant is charged.  Because the evidence offered is substantially similar to the acts charged in the indictment, it has substantial probative value.   Additionally, the activity occurred between the time of Defendant's state arrest and his indictment in this matter.  Accordingly, the factors articulated in *Beechum* indicate that the evidence is admissible.  Nunez's Motion is denied with regard to the evidence of these acts outside the conspiracy.

Licciardi also objects to the inclusion of this evidence at a joint trial, presumably in reference to a potential spillover effect.  As detailed in the Court's previous orders on Defendants' motions to sever,[13] spillover effect does not warrant relief in this case.

---

[11] *United States v. Peterson*, 244 F.3d 385, 392 (5th Cir. 2001).
[12] *Beechum*, 582 F.2d at 911.
[13] Docs. 176 and 392.

## III. Evidence of Darren Sharper's Criminal Activity Outside of the Eastern District of Louisiana

Finally, the Government has indicated that, pursuant to Rule 404(b), it intends to offer evidence of Darren Sharper's criminal activity outside of Louisiana to establish "how defendants' operation functioned."  The Court finds that evidence of Darren Sharper's criminal conduct outside of Louisiana does not meet the *Beechum* test, as it is not relevant to the indictment currently pending before the Court.  There is no allegation that Licciardi and Nunez had any involvement in or knowledge of a multistate criminal conspiracy.  Indeed, it has been represented to the Court that Sharper acted alone outside of Louisiana.  Accordingly, evidence of his broader criminal activity is not relevant to the conspiracy charged in the indictment and may not be introduced as substantive evidence in the Government's case in chief.[14]

### CONCLUSION

For the foregoing reasons, Defendant Brandon Licciardi's Opposition to the Government's Notice of Intent to Use Evidence (Doc. 409) and Defendant Erik Nunez's Motion to Strike Notice of Intent, or in the alternative, Memorandum in Opposition (Doc. 440) are **GRANTED** with regard to evidence of Darren Sharper's criminal activity outside of the Eastern District of Louisiana, **DEFERRED** with respect to the portions of the Notice regarding coconspirator and informant statements,  and **DENIED** in all other respects.

New Orleans, Louisiana this ___8__th day of July, 2016.

---

[14] This is not to say that this evidence is inadmissible for other purposes (e.g. impeachment of Sharper should he testify).

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**