

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Michael McMahon*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana  70130*

*Telephone: 504-680-3027*
*Fax:  504-589-4390*

July 8, 2016

Honorable Jane Triche Milazzo
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana  70130

      Re:    United States v.  Erik J. Nunez
              Criminal Docket No.  14-284 "H"

Dear Judge Milazzo:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974) and with **Rule 11(c)(1)(C)** of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following **global plea agreement** between the United States Attorney's Office for the Eastern District of Louisiana, the Orleans Parish District Attorney's Office, and Erik J. Nunez, the defendant in the above-captioned proceeding.  Defendant's undersigned counsel, Sara Johnson and Herb Larson, have reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The defendant, Erik J. Nunez, has agreed to plead guilty in federal court to Count 1 of the Fifth Superseding Indictment, which was returned on May 19, 2016.  This Count charges Nunez with participating in a conspiracy to distribute controlled substances to victims without their knowledge, and with the intent to commit a crime of violence, [handwritten insertion: to wit: sexual battery] in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(7)(A).

      The defendant understands that a person who violates this statute could face a maximum sentence of not more than twenty years in prison, a fine of not more than $250,000.00, and not more than three years of supervised release, in accordance with Title 21, United States Code, Sections 841(a)(1) and (b)(7)(A) and Title 18, United States Code, Section 3583.

      However, the Government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a sentence of <u>10 years in prison</u> is appropriate in the disposition of this case. Both parties agree that this sentence is reasonable when considering all of the factors enumerated in Title 18, United States Code, Section 3553, the relative role of this

defendant in the overall conspiracy, and the legal and factual issues that exist concerning some of the admissible evidence in this case.

As this court is aware, the defendant is currently charged by the Orleans Parish District Attorney's Office with first degree rape and obstruction of justice in case number 522-819 "I". As part of this **Global Plea Agreement**, the defendant has agreed to plead guilty to sexual battery charges in state court and will be sentenced to serve a sentence of 10 years in prison as to each count. These sentences will run concurrently with each other and concurrently with the sentence imposed in this federal case. The defendant shall serve his time in federal custody.

**As part of this Global Plea Agreement the defendant shall comply with all federal (Title 42 United States Code, Section 16913) and state (La.R.S. 15:541 and 15:542) sex offender registration laws prior to being released from prison.**

If the Court accepts this guilty plea, the Government will dismiss the remaining counts of the fifth superseding indictment and the prior indictments at the time of sentencing. The United States Attorney and the Orleans Parish District Attorney also agree not to charge the defendant with any other drug trafficking crimes or other crimes of violence that the defendant may have committed in the Eastern District of Louisiana before May 19, 2016, as long as the defendant has truthfully informed federal and state law enforcement officials of the full and complete details of those violent and drug trafficking crimes and fully cooperates with law enforcement as outlined below in this agreement.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed in connection with the federal case under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the federal court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release for a period of not more than three (3) years, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by this Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that this Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by this Court to serve in prison all or part of the term of supervised release.

The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in F.R.Cr.P. 11(c)(3)(A). The parties further agree that should the Court not abide by this agreement, the defendant or the Government has the option of declaring this plea agreement null and void.

The defendant understands that any discussions with defendant's attorney or anyone else regarding the federal sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

    a.    Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

    b.    Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

    c.    Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to *his/her sentence of any kind; and

    d.    The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

E.N.

Except as otherwise provided in this paragraph, the defendant also hereby expressly waives the right to appeal his state conviction and sentence on any ground, including but not limited to any appeal right conferred by La.C.Cr.P. art. 911 *et seq*. The defendant further agrees not to contest his conviction or sentence in any post-conviction proceeding, including but not limited to a proceeding under La.C.Cr.P. art. 924 *et seq*. The sole ground by which the defendant may attack his conviction and/or sentence in state court would be the State's failure to abide by the terms of his plea agreement.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that neither the federal government's nor state government's position in the instant prosecutions were vexatious, frivolous or in bad faith.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. Defendant understands that Federal Rule of Evidence 410 provides him protection from the use of such admissions made during plea negotiations or as a result of plea agreements, but defendant knowingly and voluntarily waives that protection and those rights. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all (federal or state) criminal proceedings.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct of any other person.

After the parties execute this plea agreement, the Government also agrees that any statements or testimony made later by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement [other than false statements, or those relating to other crimes of violence] will not be used against the defendant except for the purpose of impeachment. However, any such statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that

E.N.

should he commit perjury or give false statements to federal or state agents, and/or prosecutors, the statements and testimony can be used to prove those offenses, and he may face additional criminal charges. However, the defendant acknowledges that if he withdraws his decision to plead guilty, his plea of guilty is successfully withdrawn or otherwise set aside, or he violates the terms of this plea agreement, then any statement or testimony given by the defendant after he signs this plea agreement shall be admissible for all purposes against the defendant and may be used by the United States Attorney or the District Attorney against the defendant in any and all future criminal proceedings in federal or state court.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The Government may, but shall not be required, to make a motion requesting the Court to depart from the sentencing guideline range as determined by the Court, in the event the defendant provides "substantial assistance". It shall be in the sole discretion of the United States Attorney as to whether a motion requesting departure from this guideline sentence should be filed with the court. The Government shall determine whether or not the defendant has rendered "substantial assistance" and that decision will not be made until the Government has been able to evaluate the entirety of the defendant's cooperation. The Government also shall determine whether such a motion will be filed prior to sentencing pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the sentencing guidelines or after sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant understands that even if the Government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

It also is understood that this Court will comply with the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

Page 5 of 6

E.N.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above represent defendant's entire agreement with the United States Attorney's Office and the New Orleans District Attorney's Office; there are not any other written or verbal agreements, letters, or notations that will affect this agreement.

Very truly yours,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____ 7/9/16
Michael McMahon        Date
Assistant United States Attorney

_____ 7/9/16
Leon Cannizzaro        Date
District Attorney, Parish of Orleans

_____ 7/9/2016
Sara Johnson           Date
Attorney for Erik Nunez

_____ 7/11/2016
Herb Larson            Date
Attorney for Erik Nunez

_____ _____
Erik Nunez             Date
Defendant